ANNE C. KROHN, as Trustee, Plaintiff-Appellee, v. JAMES K. ARTHUR *et al.*, Defendants-Appellants.

First District (5th Division)   No. 1—98—1507

Opinion filed November 20, 1998.—Rehearing denied December 17, 1998.

James K. Arthur, of Chicago, and G. Kent Yowell, of Northbrook, for appellants.

Carponelli & Krug, of Chicago (Stephen P. Carponelli and Gregory J. Chinlund, of counsel), for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff Anne C. Krohn and defendants James K. Arthur and Joan M. Arthur are neighbors, their lands being separated by a parcel of land measuring approximately 16 feet by 100 feet (hereinafter parcel). In 1992 plaintiff purchased the parcel and subsequently filed a complaint, seeking in part to eject defendants, who had erected a fence on the parcel in 1972. By summary judgment, the trial court granted title to plaintiff and ejected defendants.

On appeal, defendants maintain that the 20-year statute of limitations for the recovery of lands under section 13—101 in the Illinois Code of Civil Procedure (735 ILCS 5/13—101 (West 1992)) bars plaintiff's action to eject defendants from the parcel that was registered under the now-repealed Registered Titles (Torrens) Act (Torrens Act) (765 ILCS 35/1 *et seq.* (repealed effective January 1, 1992)). In addition, plaintiff asserts that defendants' appeal is moot because the fence has been removed by them pursuant to court order.

We first hold that this appeal is not moot because the removal of the fence did not resolve the issue regarding the ownership of the parcel. We affirm the summary judgment order in favor of plaintiff and find that the section 13—101 limitations period did not commence until the parcel was released from its registration under the Torrens Act.

In July 1902, the North Shore Country Club (club) owned the parcel and registered it in Torrens. About 1958, plaintiff purchased her residence and in 1972 defendants purchased their residence.

In November 1972, defendants erected a chain-link fence that extended into the parcel, with the authority provided by John Giltner Twist, the president of the club. In March 1973, Twist requested defendants to move the fence back to their property line. Defendants did not remove the fence.

On April 30, 1992, plaintiff purchased the parcel from the club and received a quit claim deed, which was recorded with the Cook County recorder of deeds on July 20, 1992. Prior to the recording of the deed by plaintiff, the parcel was registered under the Torrens system. On August 14, 1992, plaintiff requested that defendants remove the fence and defendants declined the request in writing on August 21, 1992.

On August 25, 1993, plaintiff filed a complaint to quiet title. On February 1, 1995, plaintiff filed a second amended complaint for a declaratory judgment (count I), mandatory injunction (count II) and ejectment (count III). Count I asked that plaintiff be declared the absolute owner of the property and that defendants be declared to have no interest in the property. Count II sought an order requiring defendants to remove the fence and be permanently enjoined from constructing or maintaining any type of improvement on the property. Count III asked that defendants cease withholding from plaintiff the possession of the property.

In response to plaintiff's second amended complaint, defendants filed an answer and raised five affirmative defenses: *laches*, unclean hands, equitable estoppel, adverse possession, and the statute of limitations provided in section 13—101. Thereafter, plaintiff filed an answer to defendants' affirmative defenses. Regarding the statute of limitations defense, plaintiff stated "that pursuant to the provisions of the Illinois Torrens Registration Act, the twenty year period described in the Statutes of Limitations referenced by Defendant did not commence until July 20, 1992." This was the date plaintiff's deed was recorded.

On August 28, 1997, plaintiff filed a motion for summary judgment. Following a hearing, the trial court granted plaintiff's motion for summary judgment as to all three counts. The order states as follows:

"1) Summary judgment is granted in favor of Plaintiff against Defendants as to Counts I, II and III of Plaintiffs' Second Amended Verified Complaint

2) Plaintiff is declared to be the owner of the parcel in question and Defendants are declared to have no interest in that parcel or possession of same

3) Defendants are enjoined from maintenance of a fence upon the parcel or dominion over the parcel

4) Defendants are ordered to return possession of the parcel to the Plaintiff."

Thereafter, the trial court denied defendants' motion for reconsideration and defendants' motion for a stay on May 1, 1998. On the

same day (May 1, 1998), defendants filed a notice of appeal. On May 5, 1998, defendants filed an emergency motion for stay of enforcement of the trial court's judgment in favor of plaintiff and the trial court denied the stay on June 23, 1998. On or about July 8, 1998, defendants removed the fence.

On July 24, 1998, plaintiff filed a motion to dismiss defendants' appeal on the grounds that it was moot since the fence no longer existed. This court entered an order, taking plaintiff's dismissal motion with the case.

■ We now deny plaintiff's motion to dismiss this appeal as moot. An appeal is considered moot if one of two circumstances arises: (1) where there is no actual controversy, interests or rights of the parties, or (2) where the issues have ceased to exist. *Richardson v. Rock Island County Officers Electoral Board*, 179 Ill. 2d 252, 256 (1997) (appeal was moot). The test for mootness is whether the issues involved in the circuit court have ceased to exist because intervening events have rendered it impossible for a reviewing court to grant effectual relief to the complaining party. *Richardson*, 179 Ill. 2d at 256; *Dixon v. Chicago & North Western Transportation Co.*, 151 Ill. 2d 108, 116 (1992) (a settlement renders an issue moot). "A reviewing court must dismiss an appeal as moot if no actual controversy exists or if it has notice of facts that have occurred which make it impossible for the court to grant effectual relief *to either party*." (Emphasis added.) *In re Estate of Pendleton*, 250 Ill. App. 3d 296, 299 (1993).

■ The core of the present appeal is the possession of the parcel. Plaintiff received title pursuant to the trial court's order but defendants contend that her right to recover the property was absolutely barred by the statute of limitations. Under this claim, this court can grant effectual relief to either party.

■ Since this appeal comes to us upon a summary judgment ruling, we apply a *de novo* standard of review. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992). Moreover, where no factual issues are raised on appeal, the sole question on review is whether the trial court's entry of summary judgment is proper as a matter of law. *McNamee v. State of Illinois*, 173 Ill. 2d 433, 438 (1996).

Defendants assert that plaintiff was not entitled to bring an action to recover possession of the parcel based on the 20-year statute of limitations in section 13—101. Defendants argue that the right to bring such an action commenced when defendants erected the fence (November 1972) and expired 20 years later. As an aside, if defendants were correct that the 20-year statute of limitations barred plaintiff's cause of action, the period would be calculated from March 1973

because defendants' possession originally had been permissive rather than adverse.

Plaintiff contends that foreclosing her cause of action would leave an ownership right without a remedy and that the law applicable to this case is set forth in section 41 of the Torrens Act, which precludes rights otherwise attainable by adverse possession from being acquired in property registered in the Torrens system (765 ILCS 35/41 (West 1992) (now repealed 765 ILCS 35/110.2 (West 1992))). Plaintiff argues that the plain meaning of the Torrens Act exempts Torrens property from the section 13—101 statutory limitations upon actions. We agree with plaintiff.

■ The 20-year limitation set forth in section 13—101, upon which defendant relies, provides:

"Twenty years—Recovery of land. No person shall commence an action for the recovery of lands, nor make an entry thereon, unless within 20 years after the right to bring such action or make such entry first accrued, or within 20 years after he, she or those from, by, or under whom he or she claims, have acquired title or possession of the premises, except as provided in Sections 13—102 through 13—122 of this Act." 735 ILCS 5/13—101 (West 1992).

■ Defendants expressly acknowledge that plaintiff has title to the property and that "title to Torrens land cannot be acquired by adverse possession." This acknowledgment comports with plaintiff's reliance on section 41 of the Torrens Act:

"(a) After land has been registered no title thereto adverse or in derogation to the title of the registered owner shall be acquired by any length of possession.

(b) In the event title to land shall be withdrawn from registration as provided hereinafter, any possession adverse to or in derogation of the title of the owner shall be deemed to begin as of the date of withdrawal, and no earlier." 765 ILCS 35/41 (West 1992) (repealed 765 ILCS 35/110.2 (West 1992)).

■ Under well-established principles of statutory interpretation, we must give effect to the intent of the legislature and the best evidence of its intent is the plain language of the statute itself. See, *e.g.*, *Bruso v. Alexian Brothers Hospital*, 178 Ill. 2d 445, 451 (1997). "Moreover, in applying the plain language of a statute, it is not this court's function to search for any subtle or not readily apparent intention of the legislature." *Bruso*, 178 Ill. 2d at 455.

■ The plain language of section 41 of the Torrens Act (765 ILCS 35/41 (West 1992)) states that "any possession *** in derogation of the title of the owner shall be deemed to begin as of the date of withdrawal" of the title to the land from registration. The title to the parcel was registered in Torrens and was not withdrawn from Torrens until

title was transferred to plaintiff in 1992. At that point in time, the limitations period commenced. Plaintiff filed her original complaint in 1993, well within the 20-year limitations period established in section 13—101.

This clear construction of the Torrens Act also accords with the general "presumption of law that the possession of real estate is subservient to the rights of the owner of the record title." *Thompson v. Toledo, St. Louis & Western R.R. Co.*, 271 Ill. 11, 15 (1915).

The paradox of this case rests with defendants' quixotic interpretation of the law to preclude simultaneously both plaintiff and defendants from acquiring full rights or interest in the parcel. Defendants employ the 20-year limitations period for adverse possession to argue that plaintiff is absolutely barred from full acquisition of the parcel, even though plaintiff is the title holder. Yet, simultaneously, defendants claim no identifiable interest in the property: they concede that plaintiff has legal title and they acknowledge that they could not claim adverse possession to property registered under the Torrens Act.

We find that the 20-year limitations period set forth in section 13—101 commences when property registered in Torrens comes out of Torrens. Therefore, under the specific facts of the present case, we find that section 13—101 does not bar plaintiff's cause of action and we affirm summary judgment in her favor on all counts.

Affirmed.

HARTMAN and THEIS, JJ., concur.