2021 IL App (1st) 200543-U

No. 1-20-0543

Order filed June 30, 2021

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| WILLIAM LEHMAN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 CH 16354 |
| | ) | |
| MEGHA PATEL, and PETER PROBST, | ) | Honorable |
| | ) | Eve M. Reilly, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE LAMPKIN delivered the judgment of the court.
Presiding Justice Gordon and Justice Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendants were not entitled to summary judgment of their claim of adverse possession because genuine issues of material fact existed regarding whether the possession was hostile or adverse and under a claim of title inconsistent with that of the true owner.

¶ 2    Plaintiff William Lehman sued defendants Megha Patel and Peter Probst, seeking declaratory judgment and an injunction, and asserting a trespass claim for encroaching on his property. Defendants filed an affirmative defense of adverse possession. The parties filed cross-

motions for summary judgment, and the circuit court granted summary judgment in favor of defendants and against plaintiff.

¶ 3    On appeal, plaintiff argues that defendants were not entitled to summary judgment on their claim of adverse possession because they failed to rebut evidence that their use of the property in question was (1) permissive rather than hostile or adverse, and (2) under a claim of title inconsistent with that of the true owner for a period of 20 years.

¶ 4    For the reasons that follow, we reverse the judgment of the circuit court.[1]

¶ 5                              I. BACKGROUND

¶ 6    This dispute involves two adjacent properties. Plaintiff Lehman owns the vacant property at 1012 West 32nd Place in Chicago (lot 1). Defendants Patel and Probst own the adjacent parcel, 1014 West 32nd Place (lot 2), which is west lot 1. Defendants' lot 2 contains a 2-story, 4-unit residential building. On the east side of this building, a wooden staircase leads to a porch and main entrance. Underneath the staircase is a concrete walkway, which runs the length of the property line between defendants' lot 2 and plaintiff's lot 1. Defendants' tenants regularly used the walkway and staircase to enter the building. Defendants maintained the staircase and walkway by cleaning, shoveling, salting and staining them. The exact date of when the staircase and walkway were built is unknown, but they were in place in August 1995.

¶ 7    In December 2017, plaintiff filed his complaint against defendants. The complaint (1) sought declaratory relief, alleging that defendants' staircase and walkway encroached on plaintiff's lot 1and that their lot 2, which was zoned as a single family residence, violated the

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

Chicago zoning ordinance (count I); (2) requested a mandatory injunction to remove the staircase and walkway because the encroachment was intentional and deliberate (count II); and (3) alleged a trespass claim against defendants (count III).

¶ 8    Defendants filed an answer and the affirmative defense of adverse possession.

¶ 9    In June 2019, plaintiff and defendants filed cross-motions for summary judgment. Plaintiff moved for partial summary judgment limited to counts I and II, the requests for a declaratory judgment and a mandatory injunction to remove the staircase and walkway. Defendants' motion for summary judgment argued that they acquired legal title to the land on which their staircase and walkway were built based on adverse possession.

¶ 10    The pleadings, documents, affidavits and depositions included in the summary judgment cross-motions established that on August 1, 1995, Maurice and Lydia Brown bought lot 2, which contained a vacant and abandoned building, and their son, Patrick Brown, lived in the building as a tenant. At that time, a walkway, porch and stairs were in place and encroached onto the west side of lot 1.

¶ 11    In December 1998, Rima Harr, the former owner of lot 1,[2] sent a letter by certified mail to Mr. and Mrs. Brown. Harr's letter stated that she recently purchased lot 1 and learned during the closing that Mr. and Mrs. Brown's porch, stairs and walkway encroached onto her property. Harr wrote:

    "Although I am not asking you to remove the encroachments at this time, I do want

    to clarify that your continuing to maintain the improvements as they currently exist

_____

[2] In November 1997, Harr purchased the vacant lot 1 as a co-beneficiary of a land trust with Alvin Jung.

should not be construed as a relinquishment on my part of my title or interest in the affected property, nor a waiver of any rights which I may have in the future to require the removal of the encroachments."

This letter was never returned to Harr.

¶ 12    In her affidavit, Harr averred that there was no present intention to improve or build on lot 1, so immediate removal of the encroachments was not necessary and she did not have any reason to engage in any arguments or litigation with the Browns at that time. Therefore she "decided that it was best to grant permission for the encroachments to continue while expressing to the owners that [she] may revoke that permission at a later date."

¶ 13    In his deposition, Patrick Brown attested that he did not open mail addressed to his parents at lot 2 but rather gave such mail to them. Patrick had no knowledge of any communications between his parents and Harr. He thought that Harr's name sounded familiar but did not recall her.

¶ 14    On July 19, 2001, Mr. and Mrs. Brown transferred lot 2 to Patrick. In 2005, Patrick had a contractor rebuild, without permits, the walkway, porch and stairs to meet the requirements of the city's code after an inspection. According to a plat of survey, the staircase encroached at least 1.4 feet and the walkway encroached 4.75 feet onto lot 1. Patrick attested that he never had any conversations about the porch with his parents or defendants. According to Patrick, the first time he became aware of an issue with the porch was when he received his deposition subpoena. To the contrary, Harr averred that she had at least two conversations in 2005 with Patrick about his expansion and renovation of the porch. Specifically, Harr objected to the expansion of the porch but did not tell him to remove it. She told him that she may ask him to remove the encroachments at a later date and would seek legal action if necessary.

¶ 15    On August 30, 2012, Patrick sold lot 2 to defendants. Defendants' title insurance included special exceptions to title coverage for the stairs and walkway encroachments. There were no easements or permits for the walkway.

¶ 16    Harr sent defendants a letter dated July 28, 2013, which stated that Mr. Jung, the owner of the vacant lot 1, was preparing to sell it and Harr, a real estate broker, was representing him. Her letter stated:

> "You may be aware that your porch and sidewalk encroach on Mr. Jung's lot. Please note that in the process of listing Mr. Jung's lot, we may be asking you to remove that encroachment. We have already engaged an attorney and are prepared to take legal action if necessary to enforce our rights.
>
> Before we take Mr. Jung's lot to market, we would like to provide you with the opportunity to express your interest in purchasing the lot. Please let me know whether you are interested."

Harr averred that she sent defendants this letter to (1) advise them that the property was being prepared for a possible sale and determine whether they were interested, and (2) put them on notice of the walkway and porch encroachments. She averred that she did not want to be unnecessarily litigious, thought there was a real possibility that defendants would buy lot 1, and decided to permit the encroachment to continue unless removal became imperative. In the following weeks, she had discussions with defendant Probst concerning his possible purchase of lot 1.

¶ 17    In his deposition, defendant Probst stated that he and Patel were informed of the encroachments at the 2012 real estate closing for lot 2. He also learned that lot 1 was too small for a building to be constructed on it. He did not interpret Harr's July 2013 letter as a demand to

remove the encroachments. He responded to her letter by email and engaged in communications about the purchase of lot 1 because he thought it might make a nice yard for his tenants. He informed Harr that he was talking to someone and thought his property might qualify for a zoning variance due to its existing non-conforming use.

¶ 18    After plaintiff acquired lot 1, his attorney sent defendants a letter stating that their encroachments needed to be addressed and offering to cooperate to legalize their non-conforming use. Defendants did not respond to that letter. Plaintiff's attorney also contacted the alderman for assistance in getting the encroachments removed. Plaintiff filed his three count complaint against defendants on December 12, 2017.

¶ 19    On February 19, 2020, the circuit court granted defendants' motion for summary judgment based on adverse possession and denied plaintiff's motion for partial summary judgment on his requests for declaratory relief and a mandatory injunction to remove the staircase and walkway based on encroachment. Plaintiff timely appealed.

¶ 20                                    II. ANALYSIS

¶ 21    Summary judgment is proper when the pleadings, depositions, admissions, and affidavits, construed strictly against the movant and liberally in favor of the opponent, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2018); *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 42-43 (2004). The purpose of summary judgment is not to try a question of fact, but to determine whether a genuine issue of material fact exists. *Illinois State Bar Association Mutual Insurance Co. v. Law Office of Tuzzolino & Terpinas*, 2015 IL 117096, ¶ 14. Witness credibility is an issue of fact. *Cyclonaire Corp. v. ISG Riverdale, Inc.*, 378 Ill. App. 3d 554, 559 (2007). Summary judgment is

a drastic measure and should be granted only when the movant's right to judgment is clear and free from doubt. *Adams*, 211 Ill. 2d at 42-43. Where a reasonable person could draw divergent inferences from the undisputed facts, summary judgment should be denied. *Id.*

¶ 22    Where the parties have filed cross-motions for summary judgment, they have conceded that there are no genuine issues of material fact and have agreed that only questions of law are involved. *Nationwide Financial, LP v. Pobuda*, 2014 IL 116717, ¶ 24. In such a situation, the parties request that the court decide the issues as a matter of law. *Id.* However, the mere filing of cross-motions does not preclude a determination that triable questions of material fact exist. *Andrews v. Cramer*, 256 Ill. App. 3d 766, 769 (1993). Partial summary judgment may be granted whenever there is no material factual dispute as to any major issue in a case, even if substantial controversy exists with respect to other issues. *Gleicher, Friberg & Associates, M.D., S.C. v. University of Health Sciences, Chicago Medical School*, 224 Ill. App. 3d 77, 87 (1991). We review *de novo* the trial court's judgment on cross-motions for summary judgment. *Pobuda*, 2014 IL 116717, ¶ 24; see also *Thomas v. Weatherguard Construction Company, Inc.*, 2015 IL App (1st) 123470, ¶ 63 (under *de novo* review, the reviewing court performs the same analysis the trial court would perform).

¶ 23    Plaintiff argues defendants were not entitled to summary judgment because they failed to establish that the possession of the property was adverse and not permissive for the 20-year statutory time period for adverse possession. Specifically, plaintiff argues defendants failed to rebut the evidence that showed the use of the encroachments was permissive and he and Harr, his predecessor in title, exercised dominion and control over the property by objecting to the encroachments, asserting their right to withdraw permission to use the encroachments and require

removal of the encroachments in the future. Plaintiff also argues that defendants failed to show that the possession was inconsistent with the title of the true owner.

¶ 24 Defendants argue that no evidence presented by plaintiff showed that defendants' possession was permissive and the encroachment defendants proved by way of their motion for summary judgment was sufficiently definite to entitle them to a judgment of adverse possession. Specifically, defendants argue that their possession was not permissive where Harr threatened to take legal action against them for trespass and retained an attorney; defendants did not ask for permission to use the property; Harr's mere letters were not enough to overcome the hostile element of adverse possession; Harr and plaintiff did not exercise dominion over the land; and the presumption of permissive use for vacant, undeveloped and unoccupied land was either not applicable here or overcome by defendants' proof in the record.

¶ 25 Property is not taken by adverse possession unless the following elements exist concurrently for the statutory period of 20 years: (1) continuous, (2) hostile or adverse, (3) actual, (4) open, notorious, and exclusive possession of the premises, (5) under a claim of title inconsistent with that of the true owner. 735 ILCS 5/13–101 (West 2020); *Illinois District of American Turners, Inc. v. Rieger*, 329 Ill. App. 3d 1063, 1073 (2002). All presumptions are in favor of the title owner, and the party claiming title by adverse possession must prove each element by clear and unequivocal evidence. *Rieger*, 329 Ill. App. 3d at 1073.

¶ 26 There is no genuine issue of material fact that defendants—through the previous owners of lot 2—continuously exercised control over the disputed property for at least 20 years because the encroaching walkway, stairs and porch were in place in August 1995 when Mr. and Mrs. Brown purchased lot 2. See *Hermes v. Fischer*, 226 Ill. App. 3d 820, 826 (1992) (possession by a previous

possessor may be "tacked" to a current owner's possession to establish continuous use for the statutory period). Although Patrick Brown reconstructed the wooden porch and stairs in 2005, that work did not disrupt the continuous possession element even though the dimensions of the porch and stairs may have changed slightly because the title surveys showed that the concrete walkway—the outer boundary of the disputed property—was not altered. Consequently, the dimensions of the alleged adversely possessed property remained unchanged by Patrick's 2005 reconstruction work.

¶ 27     There is no genuine issue of material fact that the Browns' and defendants' possession of the disputed property was actual, open, notorious and exclusive. See *Brandhorst v. Johnson*, IL App (4th) 130923, ¶ 54 (an adverse possessor actually possesses property by acts of dominion over the land or by making improvements); *August v. Lydig*, 353 Ill 215, 222 (1933) (management, maintenance and control are sufficient to establish actual possession). The apartment tenants at lot 2 regularly used the walkway, stairs and porch, which were maintained through the years by the Browns and later by defendants. See *Morris v. Humphrey*, 146 Ill. App. 3d 612, 616 (1986) (possession is exclusive if the true owner is "altogether deprived of possession"); *Joiner v. Janssen*, 85 Ill. 2d 74, 82 (1981) (the open, notorious and exclusive possession element is met when the adverse possessor's actions communicate to the neighbors an intent to control the disputed property). The Browns and defendants communicated to the neighbors that they owned the property by cleaning the porch, shoveling snow from the staircase and walkway, putting down salt at the entrance and staining the porch.

¶ 28     We conclude, however, that genuine issues of material fact exist regarding whether defendants' possession was (1) either hostile and adverse or permissive during the 20-year

statutory time period for adverse possession, and (2) under a claim of title inconsistent with that of the true owner.

¶ 29    The use of vacant and unenclosed land is presumed to be permissive and not adverse. *Dobrinky v. Waddell*, 233 Ill. App. 3d 443, 447 (1992); *Mann*, 205 Ill. App. 3d at 309. This presumption applied here because the evidence showed that plaintiff's property was vacant during the relevant period. The disputed property sits between plaintiff's vacant lot and defendant's residential building, and the plat of survey does not show any fence running alongside either the property line dividing their lots or defendants' encroaching walkway and porch.

¶ 30    To satisfy the hostile or adverse element of acquiring title by adverse possession, a claimant need not demonstrate any actual ill will between herself and the true property owner but merely an assertion of ownership incompatible with any other claim of right. *Mann v. LaSalle National Bank*, 205 Ill. App. 3d 304, 309 (1990); *Joiner*, 85 Ill. 2d at 81 (the term "hostile" in the context of adverse possession does not mean angry; rather, to be hostile is to assert a claim of title without recognizing the superior title of the true owner or of anyone else). "Although evidence of the use and control over land is the typical manner by which any claimant establishes title by adverse possession, it must be clearly shown that the use of the land was adverse and not merely permissive ***." *Id*. (citing *Thorman v. Cross*, 185 Ill. App. 3d 590, 595 (1989)). Where the property is used with the permission of the owner, possession is not hostile or adverse (*527 S. Clinton, LLC v. Westloop Equities, LLC*, 403 Ill. App. 3d 42, 49 (2010)), and cannot ripen into title by adverse possession, regardless of the length of time. *Walter v. Jones*, 15 Ill. 2d 220, 225 (1958); *Morris*, 146 Ill. App. 3d at 615-16. However, if possession is initially by consent but the consent is withdrawn, the possession may be hostile from the time the possession ceases being permissive.

See *Krohn v. Arthur*, 301 Ill. App. 3d 138, 141-42 (1998). Permissive use negates not only the adversity element of a claim but also the element that the usage took place under a claim of title inconsistent with that of the true owner. See *Walter*, 15 Ill. 2d at 225 (if possession of land is merely permissive, such possession is consistent with the record owner's title); *Klobucar v. Stancik*, 138 Ill. App. 3d 342, 344 (1985) (in the context of a prescriptive easement); *Light v. Steward*, 128 Ill. App. 3d 587, 595 (1984) (same).

¶ 31     When Mr. and Mrs. Brown bought lot 2 in 1995, they did not build the walkway, stairs or porch; they simply used those improvements, which were already in place. Furthermore, Harr, plaintiff's immediate predecessor in title, averred that in December 1998 she sent Mr. and Mrs. Brown a certified letter, which was never returned, and their son Patrick attested that he gave them all their mail that arrived at lot 2. Harr's letter stated that their porch, stairs and walkway encroached on her property, but she was not asking them to remove it at that time. She explained that their continued maintenance of the improvements as they then existed did not mean that she relinquished her title or interest in the affected property and she was not waiving any right to require them to remove the encroachments in the future. The plain language of Harr's letter informed Mr. and Mrs. Brown that she was permitting them to use their encroaching improvements but could revoke that permission at a later date.

¶ 32     If Harr was found to be a credible witness, then the Browns' use of her property, under the current record, would have been permissive from December 1998 until 2005, when Patrick had a contractor rebuild the stairs, porch and walkway without seeking Harr's permission and despite her spoken objections to him. Under these facts, defendants would not have been able to tack onto a sufficient number of years to show the necessary 20 years of continuous adverse use of their

encroachments to lot 1 before plaintiff filed his complaint against them in December 2017. Consequently, defendants were not entitled to summary judgment on their claim of adverse possession. Accordingly, we reverse the circuit court's order granting defendants' motion for summary judgment and remand this matter to the trial court.

¶ 33    Finally, plaintiff asks this court to enter a declaratory judgment finding that the stairs and porch encroach onto his property by 1.4 feet and the walkway encroaches by 4.75 feet. Plaintiff states that such a finding would prevent the need for proof of the encroachments at trial. Defendants agree that the evidence—the plat of survey—supports this finding. Accordingly, we grant plaintiff's partial motion for summary judgment on count I of his complaint limited to these measurements of the encroachments.

¶ 34                                    III. CONCLUSION

¶ 35    For the foregoing reasons, we (1) reverse the circuit court's judgment in favor of defendants and against plaintiff on defendants' cross-motion for summary judgment based on adverse possession; (2) enter partial summary judgment in favor plaintiff and against defendants on count I of plaintiff's complaint limited to plaintiff's request for a declaratory judgment making findings regarding the measurements of the encroaching walkway, stairs and porch; and (3) remand this matter to the circuit court.

¶ 36    Reversed and remanded.